UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DYNELL WRIGHT EL,

    Plaintiff,

v.                                    Case No. 14-10281

GENE CARLSON, et al.,

    Defendants.
                                 /

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

Plaintiff Michael Wright El, who is currently under an eviction order, filed a handwritten complaint against Wayne County Circuit Court Chief Judge Virgil C. Smith, his former landlord Detroit Investor LLC, and the company's agent Gene Carlson. Plaintiff alleges copyright claims for using his name without permission and unlawful attempts to convey property. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed *in forma pauperis*. The court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1),[1] and then dismiss Plaintiff's complaint for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863,

---

[1] In his application to proceed *in forma pauperis*, Plaintiff states that he is unemployed and that he has no money in any account. He lists "9737 Lakepointe" as an asset but this is the same address listed on the eviction order. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). To avoid dismissal, Plaintiff's complaint must

cross "the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

The court finds that Plaintiff has failed to state a claim against Defendants. Plaintiff alleges that "Gene Carlson falsely claims to have gained interest in property . . . Carlson also has committed copyright infringement using Michael Wright's name without license." (Pg. ID # 2.)  However, Plaintiff alleges no facts to support these causes of action.  Instead, Plaintiff's allegations can be described as "fantastic or delusional."  *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir.2008) (quoting *Neitzke*, 490 U.S. at 327–28)).  Because Plaintiff does not have even an arguable claim to relief, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

     s/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

Q:\Cleland\JUDGE'S DESK\C1 ORDERS\14-10281.WRIGHT.1915.Dismissal.rljr.wpd